■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE FREEMAN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree burglary and various counts of larceny, defendant contends that the court did not adequately instruct the jury on his "second bite" right to counsel claim; that the court's instructions on reasonable doubt and burden of proof were erroneous; that the court erred in denying his CPL 30.30 motion; and that the court erred in denying his motion for appointment of a special prosecutor. None of defendant's contentions requires reversal.

Defendant did not object to the "second bite" charge (CPL 710.70 [3]) given by the court and made no additional request to charge. Therefore, he has failed to preserve his claim for our review *(People v Roth,* 139 AD2d 605, 608, *lv denied* 72 NY2d 866). Further, reversal is not required as a result of the court's charge on reasonable doubt and burden of proof. Defendant failed to preserve his challenges to those aspects of the court's charge, and we decline to review his claims in the interest of justice. Moreover, were we to review the claims, we would find that the court's instructions, if in fact erroneous, did not deprive defendant of a fair trial *(see, People v Malloy,* 55 NY2d 296, 300, 303, *cert denied* 459 US 847; *People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746).

Defendant's CPL 30.30 motion was properly denied. An accusatory instrument was filed on May 23, 1988, and the People announced their readiness on the record on August 10, 1988, well within the six-month period. The People's announcement of their readiness within six months satisfied their obligation under CPL 30.30 *(People v Giordano,* 56 NY2d 524, 525). Absent a claim that the People were not in fact ready at that time or that they subsequently became "unready", it is irrelevant that the prosecution was subsequently delayed as a result of defendant's failure to appear in court *(see, People v Anderson,* 66 NY2d 529; *People v Giordano, supra).*

Finally, the court did not err in denying defendant's motion to disqualify the District Attorney and appoint a special prosecutor. It appears that the arresting officer later became

an Assistant District Attorney in Monroe County, a position he held at the time of his testimony against defendant in this case. Defendant now argues that allowing the District Attorney's office to prosecute him violated the "advocate-witness" rule of Code of Professional Responsibility DR 5-101 (B), which provides that a lawyer generally shall not accept employment in litigation if he knows that he or a lawyer in his firm will be called as a witness. While the Court of Appeals has held that the proscription of DR 5-101 (B) applies "to the prosecuting attorney", and that an individual trial assistant should not serve as prosecutor in a case in which he will be called as a witness (People v Paperno, 54 NY2d 294, 300), Paperno does not contemplate disqualification of all attorneys in the office of the District Attorney merely because one of them will testify. Requiring the appointment of a special prosecutor any time an Assistant District Attorney will be a witness in a case would constitute an unreasonable burden on the People. The "advocate-witness" rule was not violated because no attorney served as both a witness and an advocate in this case. The fact that the witness's colleague prosecuted the case is not sufficient to show either actual prejudice or a substantial risk of abuse of confidence. Absent such showing, there was no ground for disqualifying the District Attorney from prosecuting the case (People v Keeton, 74 NY2d 903, 904; Matter of Schumer v Holtzman, 60 NY2d 46, 55; People v Poplis, 30 NY2d 85, 89; Matter of Morgenthau v Crane, 113 AD2d 20, 23). (Appeal from Judgment of Monroe County Court, Wisner, J.— Burglary, 2nd Degree.) Present—Callahan, J. P., Doerr, Denman, Pine and Lawton, JJ.