■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN RIVERS, Appellant. [625 NYS2d 198] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered

August 6, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, three counts of criminal sale of a controlled substance in the second degree and two counts of criminal sale of a controlled substance in the third degree, and sentencing him to 25 years to life on the first degree sale count, to run consecutively to a term of 8⅓ to life on one count of criminal sale of a controlled substance in the second degree, these sentences to run concurrently with terms of 8⅓ to life on the remaining second degree sale counts and 8⅓ to 25 years on the third degree sale counts, unanimously affirmed.

The trial court did not abuse its discretion in denying defendant's recusal motion based on the fact that the same court presided over a previous trial involving this defendant and acquired information pertaining to the instant charges *(People v Moreno,* 70 NY2d 403). Nor was it an abuse of discretion to deny his motion for a mistrial *(People v Tolbert,* 202 AD2d 171, 172, *lv denied* 84 NY2d 833), after a witness inadvertently testified to an earlier shooting with which defendant was previously charged and acquitted, since the prompt response of the prosecutor and the court, indicating that only others had been involved, obviated any possible prejudice to him *(see, People v Santiago,* 52 NY2d 865; *People v Young,* 48 NY2d 995). Further, since the prosecutor established a prima facie case of conspiracy without resorting to the taped statements of coconspirators, the recordings were properly admitted into evidence *(People v Tran,* 80 NY2d 170, 180; *People v Hernandez,* 155 AD2d 342, *lv denied* 75 NY2d 813).

In light of the charges of which defendant was convicted, the ruthlessness with which he carried out his criminal enterprise and his complete disregard for the justice system, the sentence imposed did not constitute an abuse of discretion.

We have considered defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.