■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SEYMOUR, Appellant. [639 NYS2d 821]

The prosecution's evidence was sufficient to prove guilt beyond a reasonable doubt, and the minor inconsistencies between the complainant's description and defendant's appearance did not render the verdict against the weight of the evidence. Concerning the evidence of a holster recovered from a school bathroom, although such was originally excluded upon the parties' consent, defendant opened the door to its admission by testifying on direct examination that he did not have a holster and that he went to the school to speak to the principal about his children, and by admitting on cross-examination that he went into the school bathroom (*see, People v Fardan*, 82 NY2d 638, 646). Concerning the testimony that defendant was arrested based on the fact that he fit the description of the perpetrator of an unrelated and unidentified "crime in progress", such was properly admitted to explain why the police detained defendant (*see, People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937; *People v Fay*, 85 AD2d 512), and any prejudice was dispelled by the strong and repeated cautionary jury instructions that the circumstances underlying that arrest had nothing to do with this case and that the charges had been dismissed (*see, People v Rivers*, 214 AD2d 449, *lv denied* 85 NY2d 979). Moreover, given these instructions, the collateral rebuttal testimony that the complainant in the unrelated crime had identified defendant, refuting defendant's testimony that no identification occurred, was harmless. Concerning the prosecution's rebuttal that defendant had no money or identification of his own upon his arrest, defendant opened the door to such by his direct testimony that he found a wallet with another person's identification and credit cards, intending to mail them to the owner, and that the police never vouchered his own property (*see, People v Berrios*, 216 AD2d 28, *lv denied* 86 NY2d 779). Finally, defendant's claim that a special prosecutor should have been appointed because the complainant was an Assistant District Attorney in the office that prosecuted him is unpreserved as a matter of law (*People v Nolley*, 159 AD2d 732, *lv denied* 76 NY2d 989), and, in any event, without merit absent a particularized showing of prejudice (*see, People v Freeman*, 172 AD2d 1045, 1046, *lv denied* 78 NY2d 1011, citing, *inter alia, Matter of Schumer v Holtzman*, 60 NY2d 46, 55).

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Rubin, Ross and Tom, JJ.