■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIVNARINE WALTERS, Appellant. [668 NYS2d 930] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered April 4, 1994, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly found that the People had made the requisite prima facie showing that the defense was using its peremptory challenges in an impermissibly discriminatory manner (see, Batson v Kentucky, 476 US 79; People v Childress, 81 NY2d 263; People v Stiff, 206 AD2d 235, cert denied 516 US 832). Moreover, we find no basis for disturbing the determination of the trial court, which is given great deference on appeal, that the explanations proffered by defense counsel, although facially race-neutral, were merely pretextual (see, Hernandez v New York, 500 US 352; People v Jones, 204 AD2d 485; People v Mondello, 191 AD2d 462, 463).

The defendant's sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is without merit. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN L. WYNN, Appellant. [668 NYS2d 930] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered October 30, 1996, convicting him of assault in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the mere fact that the complainant was employed by the Westchester County District Attorney's Office did not warrant disqualification of the prosecutor and did not render the Grand Jury proceedings defective (see, People v Seymour, 225 AD2d 487; People v Freeman, 172 AD2d 1045).

There is no merit to the defendant's contention that the trial court erred in accepting the People's explanations for challenging two black venirepersons during jury selection (see, People v Celestine, 243 AD2d 485; People v Brooks, 242 AD2d 336).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.