■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SCOTT, Appellant. [700 NYS2d 41] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered April 17, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in disallowing his peremptory challenge to one of the prospective jurors. The determination of the Supreme Court that the challenge was a pretext for racial discrimination is entitled to great deference and will not be disturbed where, as here, it is supported by the record. The explanation of the defense counsel that the prospective juror might be too tired from the pressure of combining his work schedule and jury service was purely intuitive, and was not supported by any statement of the challenged juror (*see, People v Lowery,* 256 AD2d 594; *People v Thompson,* 245 AD2d 321; *People v Richie,* 217 AD2d 84; *see also, Batson v Kentucky,* 476 US 79).

The defendant's contention regarding the prosecutor's alleged misconduct during summation is not preserved for appellate review, inasmuch as he failed to register specific objections to the prosecutor's statements (*see, People v Fleming,* 70 NY2d 947). In any event, the prosecutor's summation did not exceed the broad bounds of fair comment upon the evidence (*see, People v Galloway,* 54 NY2d 396) and, in part, was a permissible response to the summation of defense counsel (*see, People v Thomas,* 51 NY2d 466; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

The Supreme Court properly charged that the police officers were not interested witnesses as a matter of law (*see, People v Holly,* 184 AD2d 581; *People v Melvin,* 128 AD2d 647; *People v Holmes,* 117 AD2d 480).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.