■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LANGHORN, Appellant. [719 NYS2d 895] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered March 24, 2000, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MIDDLETON, Appellant. [719 NYS2d 895] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered August 6, 1996, as amended September 30, 1996 (Schneier, J.), convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, the court did not err in denying his *Batson* challenges (*Batson v Kentucky,* 476 US 79) to four peremptory challenges exercised by the prosecutor. The explanations given by the prosecutor were racially neutral (*see, People v Payne,* 88 NY2d 172, 173; *People v Allen,* 86 NY2d 101) and the defendant failed to establish that the explanations were pretextual (*see, People v Scott,* 267 AD2d 259; *People v Walters,* 248 AD2d 494).

The defendant's remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.