■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA HOOPER, Appellant. [732 NYS2d 207] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her following a jury trial of insurance fraud in the third degree (Penal Law § 176.20). Defendant contends that the verdict is repugnant because the jury acquitted her of attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35). That contention is not preserved for our review because defendant failed to object to the verdict before the jury was discharged (*see, People v Alfaro,* 66 NY2d 985, 987; *People v Crisler,* 278 AD2d 887, 888, *lv denied* 96 NY2d 861; *People v Alston,* 275 AD2d 997, 997-998, *lv denied* 96 NY2d 756). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant contends that she was denied a fair trial because of alleged juror misconduct. At defendant's request, the jurors were questioned individually and curative instructions were given. "It is presumed that the jury followed the trial court's curative instructions * * * and as defendant raised no further objection, [s]he has waived appellate review" (*People v Brown,* 174 AD2d 370, 371, *lv denied* 78 NY2d 1009; *see, People v Pivnick,* 277 AD2d 1000, 1001, *lv denied* 96 NY2d 786).

We further conclude that County Court did not abuse its discretion in failing to appoint a special prosecutor. In seeking that relief, defendant failed to show "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55). "Absent such showing, there was no ground for disqualifying the District Attorney from prosecuting the case" (*People v Freeman*, 172 AD2d 1045, 1046, *lv denied* 78 NY2d 1011; *see, People v Wynn*, 248 AD2d 494, *lv denied* 91 NY2d 1014).

The contention of defendant that she was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We reject defendant's further contention that the preservation requirements of the Criminal Procedure Law are unconstitutional (*see, People v Mike*, 283 AD2d 989, *lv denied* 96 NY2d 904; *People v Peters*, 249 AD2d 987, 988, *lv denied* 92 NY2d 903). We conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147) and that she was not denied a fair trial because of alleged cumulative error. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Insurance Fraud, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.