THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BRYANT, Appellant. [787 NYS2d 540]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered November 19, 2002. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the second degree, criminal possession of a weapon in the third degree, menacing in the second degree (two counts), reckless endangerment in the second degree and reckless driving.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of menacing in the second degree (Penal Law § 120.14 [1]), and one count each of criminal mischief in the second degree (§ 145.10), criminal possession of a weapon in the third degree (§ 265.02 [1]), reckless endangerment in the second degree (§ 120.20) and reckless driving (Vehicle and Traffic Law § 1212). Defendant contends that County Court erred in denying the jury's request for use of the "indictment sheet" during deliberations. We disagree. Although the court was authorized to provide a copy of the indictment to the jurors (see People v Moore, 71 NY2d 684 [1988]), it was not

required to do so. In requesting a copy of the indictment, the jury indicated that further instruction with respect to four counts was needed, and the court thereupon provided a readback of the instructions with respect to those counts. The court thus complied with CPL 310.30 by providing a meaningful response to the jury's request for information (*see People v Miller*, 286 AD2d 981, 981-982 [2001], *lv denied* 97 NY2d 657 [2001]; *see generally People v Lourido*, 70 NY2d 428, 435 [1987]).

Defendant further contends that the evidence is legally insufficient with respect to his conviction of menacing, criminal mischief, and criminal possession of a weapon because he did not act intentionally and the evidence is insufficient to establish that the damage to the victim's vehicle exceeded $1,500. "Intent can be inferred from the act itself or from the defendant's conduct and the surrounding circumstances" (*People v Douglas*, 291 AD2d 455, 455 [2002]). Here, there is legally sufficient evidence from which the jury could infer that defendant intended to place the victim in reasonable fear of physical injury by, inter alia, displaying a tire iron (*see* Penal Law § 120.14 [1]; *Matter of Jonathan M.*, 4 AD3d 154, 155 [2004]), that defendant intended to damage the victim's vehicle (*see* § 145.10; *People v Gianni*, 303 AD2d 1012 [2003], *lv denied* 100 NY2d 581 [2003]), and that defendant intended to use a dangerous instrument (i.e., his own vehicle) against the victim (*see Penal Law* § 265.01 [2]; § 265.02 [1]). The evidence also is legally sufficient to establish that the damage to the victim's vehicle exceeded $1,500 (*see* § 145.10; *see generally People v Woodard*, 148 AD2d 997, 997-998 [1989], *lv denied* 74 NY2d 749 [1989]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's further contentions that two counts are inconsistent and that the verdict is repugnant are not preserved for our review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Waller*, 239 AD2d 934 [1997], *lv denied* 90 NY2d 1015 [1997]; *People v Carey*, 151 AD2d 989 [1989], *lv denied* 74 NY2d 806 [1989]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.