■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATSU CARTER, Appellant. [801 NYS2d 464]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered September 27, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]) and assault in the second degree (§ 120.05 [1]). Defendant failed to preserve for our review his contention that reversal is required because the jury charge was inconsistent (*see People v Bryant*, 13 AD3d 1170, 1171 [2004], *lv denied* 4 NY3d 884 [2005]; *see generally People v Highsmith*, 254 AD2d 768, 769 [1998], *lv denied* 92 NY2d 983, 1033 [1998]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). By failing to object to the verdict on the ground of repugnancy before the jury was discharged, defendant also failed to preserve for our review his present contention that the verdict is repugnant (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *Bryant*, 13 AD3d at 1171; *People v Hooper*, 288 AD2d 948 [2001], *lv denied* 97 NY2d 755 [2002]). In any event, that contention is without merit. Here, "defendant could certainly intend one result—serious physical injury [to the victim]—while recklessly creating a grave risk that a different, more serious result—death—would ensue from his actions" (*People v Trappier*, 87 NY2d 55, 59 [1995]; *see People v Belcher*, 289 AD2d 1039 [2001], *lv denied* 97 NY2d 751 [2002]). We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to the allegedly inconsistent charge and to the allegedly repugnant verdict. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [object to the charge and the verdict]," and defendant failed to do so here (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Taylor*, 1 NY3d 174, 177 [2003]).

The generalized motion of defendant to dismiss at the close of the People's case did not preserve for our review his present contention concerning the alleged legal insufficiency of the evidence to support the conviction of assault in the first degree (*see People v Gray*, 86 NY2d 10, 19 [1995]), and his contention also is not properly before us because he failed to renew his motion after the close of his proof (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Williams*, 17 AD3d 1043, 1045 [2005]; *People v Harrison*, 2 AD3d 1454 [2003], *lv denied* 2 NY3d 740 [2004]). In any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "[A] single vicious beating under the circumstances of this case is legally sufficient to establish that defendant's conduct evinced a depraved indifference to human life" (*People v East*, 284 AD2d 962, 962 [2001], *lv denied* 97

NY2d 641 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.