People v Nickey (2019 NY Slip Op 01236)





People v Nickey


2019 NY Slip Op 01236


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2011-05134
 (Ind. No. 09-01268)

[*1]The People of the State of New York, respondent,
v
Glenford Nickey, appellant.


Paul P. Martin, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Albert Lorenzo, J.), rendered March 30, 2011, as amended April 27, 2011, convicting him of insurance fraud in the third degree, offering a false instrument for filing in the first degree (two counts), and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is modified, on the law, by vacating the conviction of insurance fraud in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment, as amended, is affirmed.
As the People correctly concede, the conviction of insurance fraud in the third degree and the sentence imposed thereon must be vacated, and that charge dismissed pursuant to People v Boothe (16 NY3d 195).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of offering a false instrument for filing in the first degree (two counts) and falsifying business records in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see CPL 470.15[5]).
The defendant's contention that the verdict convicting him of offering a false instrument for filing in the first degree (two counts) and falsifying business records in the first degree was repugnant to his acquittal of grand larceny in the third degree is unpreserved for appellate review, as he failed to raise the issue before discharge of the jury (see People v Carter, 21 AD3d 1295, 1296, affd 7 NY3d 875). In any event, the contention is without merit (see People v Gardner, 164 AD3d 602).
The defendant was afforded meaningful representation at trial (see People v Henry, 95 NY2d 563, 565; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 146).
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court