People v Marete (2020 NY Slip Op 51242(U))

[*1]

People v Marete (Steven)

2020 NY Slip Op 51242(U) [69 Misc 3d 134(A)]

Decided on October 23, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 23, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan JJ.

570261/19

The People of the State of New York,
Respondent,
against
Steven Marete, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, Bronx
County (Beth Beller, J.), rendered March 5, 2019, convicting him, upon a plea of guilty, of
criminal possession of a weapon in the fourth degree, and sentencing him to a one year
conditional discharge.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered March 5, 2019, affirmed. 
The misdemeanor complaint was jurisdictionally valid because it described facts of an
evidentiary nature establishing reasonable cause to believe that defendant possessed a "dangerous
instrument" (see Penal Law §§ 10.00[13], 265.01[2]). The complaint recited
that the victim was operating her vehicle on a public street when she observed defendant position
his vehicle directly behind her and "str[ike] her vehicle multiple times." The instrument further
alleged that, after exiting their respective vehicles, defendant repeatedly assaulted the victim,
while stating, "[r]emember, I'm never going to leave you alone. I will crash you again." These
allegations were sufficient to establish that the manner in which the vehicle was used qualified it
as a dangerous instrument (see People v Carter, 53 NY2d 113 [1981]; People v
Bryant, 13 AD3d 1170, 1171 [2004], lv denied 4 NY3d 884 [2005]). Accordingly,
the complaint was sufficient to charge criminal possession of a weapon in the fourth degree.
We find no basis to reduce the negotiated sentence of a conditional discharge.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 23, 2020