■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN EDWARDS, Appellant. [792 NYS2d 394]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered August 26, 2002, convicting defendant, after a jury trial, of assault in the second and third degrees, and sentencing him, as a second violent felony offender,

to concurrent terms of seven years and one year, respectively, unanimously affirmed.

The verdict convicting defendant of assault in the second degree was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The credible evidence established that defendant, using great force, kicked the fallen victim in the elbow, a vulnerable part of the body, causing dislocation and severe damage. This supported the conclusion that defendant's shoe constituted a dangerous instrument within the meaning of Penal Law § 10.00 (13), by virtue of the manner in which it was used (*see People v Carter*, 53 NY2d 113, 116 [1981]; *People v Lappard*, 215 AD2d 245 [1995], *lv denied* 86 NY2d 737 [1995]). There is also no basis for reversal of defendant's conviction for a separate third-degree assault committed during the same incident.

The court's decision to submit assault in the second degree (Penal Law § 120.05 [2]) as a lesser included offense of assault in the first degree (Penal Law § 120.10 [1]), on its own motion and over the objections of both the prosecution and defense, was a provident exercise of discretion. The Criminal Procedure Law provides that submission of legally and factually qualifying lesser included offenses is mandatory when requested by a party, and otherwise discretionary (CPL 300.50 [1], [2]). Thus, the statute clearly contemplates sua sponte submissions, and we find that this was an appropriate case for such an exercise of the discretion expressly vested in the trial court. There was a reasonable view of the evidence that defendant intended to cause physical injury, but not serious physical injury (*see People v Richardson*, 215 AD2d 222 [1995]). Furthermore, there is no indication that submission of second-degree assault resulted in surprise, interference with strategy, or any other prejudice to defendant. Concur—Tom, J.P., Saxe, Sullivan, Ellerin and Nardelli, JJ.