■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERAN LEV, Appellant. [822 NYS2d 73]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 26, 2005, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence. Evidence that defendant, wearing thick-soled sneakers, repeatedly kicked the fallen victim in her midsection with significant force supported the conclusion that defendant intended to cause physical injury, which was the natural and probable consequence of such conduct (*see People v Getch*, 50 NY2d 456, 465 [1980]), regardless of whether or not the kicks actually caused any injury. The evidence also supported the conclusion that defendant's sneaker, in the manner in which it was used, was readily capable of causing serious physical injury, and thus constituted a dangerous instrument (*see People v Carter*, 53 NY2d 113, 116 [1981]; *People v Edwards*, 16 AD3d 226, 227 [2005], *lv denied* 5 NY3d 762 [2005]). Defendant's acquittal on other charges does not warrant a different conclusion regarding the sufficiency of the evidence. To the extent that defendant is arguing that the verdict was repugnant, that argument is unpreserved (*People v Alfaro*, 66 NY2d 985 [1985]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit (*see People v Tucker*, 55 NY2d 1 [1981]).

Since defendant's argument that the charges submitted to the jury were multiplicitous was first raised in a postverdict motion, it is unpreserved (*see e.g. People v Padro*, 75 NY2d 820 [1990]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Saunders*, 290 AD2d 461, 463 [2002], *lv denied* 98 NY2d 681 [2002]). Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.