# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1131**

**KA 11-00895**

PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NYESHIA S. GIBSON, DEFENDANT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered December 17, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of assault in the first degree (Penal Law § 120.10 [1]). Defendant preserved for our review her contention that the evidence is legally insufficient to establish that she struck the victim with a high-heeled shoe, but she failed to preserve for our review her further contention that the evidence is legally insufficient to establish that she intended to cause serious physical injury to the victim (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that both of those contentions are without merit. In light of the testimony of the victim and several eyewitnesses, each of whom provided an account of the altercation in question, the jury reasonably could have found that defendant struck the victim in the eye with the three-inch heel of her shoe. The medical testimony of the victim's ophthalmologist established that the victim sustained injuries that left her permanently blind in her right eye and that those injuries were caused by a penetrating blow from a non-blunt object at least one inch in length. Thus, the People established that the victim suffered a serious physical injury (*see* § 10.00 [10]), and the jury concluded that such injury was caused by defendant. Inasmuch as the eyewitnesses testified that defendant instigated the altercation and that she jumped on the victim while holding her shoe with the heel facing out and swung the hand in which she held the shoe toward the victim's face, the jury could have inferred defendant's intent from her conduct (*see People v Terk*, 24 AD3d 1038, 1039).

Under the circumstances described by the eyewitnesses, defendant's high-heeled shoe qualified as a " '[d]angerous instrument' " (§ 10.00 [13]; *see People v Lev*, 33 AD3d 362; *People v Edwards*, 16 AD3d 226, 227, *lv denied* 5 NY3d 762).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although "an acquittal would not have been unreasonable" based on the conflicting accounts of what occurred during the altercation (*Danielson*, 9 NY3d at 348), we afford the appropriate deference to the jury's credibility determinations (*see People v Flagg*, 59 AD3d 1003, *lv denied* 12 NY3d 853), and we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348).

Contrary to defendant's further contention, Supreme Court did not abuse its discretion in refusing to adjudicate her a youthful offender (*see generally People v Shrubsall*, 167 AD2d 929, 930).  Although defendant had no prior criminal record and the Department of Probation recommended that she be afforded youthful offender status, defendant was the first aggressor in the altercation and committed a serious offense that resulted in a permanent and severe injury to the victim. In addition, defendant has a prognosis for lawful behavior that is fair at best and has failed to accept responsibility.  Taken together, those factors support the determination denying defendant's request for youthful offender status (*see People v Francis*, 83 AD3d 1119, 1123, *lv denied* 17 NY3d 806).  The sentence is not unduly harsh or severe.

Finally, defendant contends that the People committed a *Brady* violation by failing to disclose promptly a report prepared by a security officer who was present at the scene of the altercation.  We reject that contention.  The District Attorney's Office did not receive the report in question until three to four hours prior to the time when the prosecutor provided it to defendant, and the prosecutor did not actually receive and have the opportunity to read the report until just before she provided it to defendant.  Even assuming, arguendo, that the report was exculpatory, we conclude under those circumstances that the People did not "suppress[ ]" the report (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).  In any event, "we conclude that reversal is not warranted inasmuch as defendant received [the report] in time for its effective use at trial" (*People v Comfort*, 60 AD3d 1298, 1300, *lv denied* 12 NY3d 924 [internal quotation marks omitted]).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court