■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARRIS, Appellant. [941 NYS2d 111]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 3, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender, to an aggregate term of three years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the

jury's credibility determinations. The evidence supported the conclusion that defendant participated in a drug transaction by, among other things, accepting money from the buyer.

The evidence at the *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]), and the closure order did not violate defendant's right to a public trial. The officer testified, among other things, that he would be continuing his undercover work in the vicinity of the charged crimes, that he had open investigations, lost subjects and pending cases, that he had been threatened in other undercover investigations, and that he took precautions to protect his identity. This demonstrated that his safety and effectiveness would be jeopardized by testifying in an open courtroom, and it satisfied the requirement of a particularized showing (*see e.g. People v Plummer*, 68 AD3d 416, 417 [2009], *lv denied* 14 NY3d 891 [2010]). Furthermore, the court considered alternatives to full closure and made adequate findings. Instead of ordering a complete closure, the court permitted defendant's family to attend, as well as inviting defense counsel to propose other persons who would be permitted to attend (*see Presley v Georgia*, 558 US —, —, 130 S Ct 721, 724 [2010]; *People v Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011], *cert denied* 565 US —, 132 S Ct 527 [2011]; *People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011], *cert denied* 565 US —, 132 S Ct 268 [2011]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Williams*, 12 NY3d 726 [2009]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court's compromise ruling was generally favorable to defendant, in that while it permitted the People to elicit the existence of numerous convictions, it only permitted these convictions to be identified as unspecified felonies and misdemeanors. None of these convictions was unduly remote under the circumstances. Although not a ground for reversal, we note that the better practice would have been to give the standard charge on accessorial liability rather than create a hypothetical.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal on the merits. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.