# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**645**

**KA 14-00512**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WALTER M. EDWARDS, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered February 28, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, intimidating a victim or witness in the second degree and assault in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]) and intimidating a victim or witness in the second degree (§ 215.16 [2]), defendant contends that the verdict is against the weight of the evidence with respect to those crimes. Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Gibson*, 89 AD3d 1514, 1515, *lv denied* 18 NY3d 924). Defendant's further contention that the verdict is inconsistent because he was convicted of burglary in the first degree but was acquitted of the count of assault in the third degree related to that same incident is not preserved for our review inasmuch as defendant failed to object to the verdict before the jury was discharged (*see People v Bartlett*, 89 AD3d 1453, 1454, *lv denied* 18 NY3d 881), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's challenge to the severity of the sentence.

Entered: June 12, 2015                          Frances E. Cafarell
                                                Clerk of the Court