People v King (2021 NY Slip Op 03053)





People v King


2021 NY Slip Op 03053


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-01430
 (Ind. No. 396/18)

[*1]The People of the State of New York, respondent,
v
Mark King, appellant.


Paul Skip Laisure, New York, NY (Nao Terai and Patterson Belknap Webb & Tyler, LLP [Sara A. Arrow], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered January 29, 2019, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence adduced at trial was sufficient to establish that the victim sustained not only "physical injury" (Penal Law § 10.00[9]), but also that the defendant caused the physical injury by means of a "dangerous instrument" by the manner in which he used his sneakers to stomp on and kick the victim's head (Penal Law § 120.05[2]; see People v Carter, 53 NY2d 113, 117; People v Hunt, 135 AD3d 624; People v Lev, 33 AD3d 362; People v Hansen, 203 AD2d 588). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
The defendant's remaining contention is without merit.
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court