People v Scott-Manson (2026 NY Slip Op 01469)

People v Scott-Manson

2026 NY Slip Op 01469

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Ind. No. 2032/21|Appeal No. 6101|Case No. 2022-04436|

[*1]The People of the State of New York, Respondent,
vJeremy Scott-Manson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mary-Kathryn Smith of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered September 1, 2022, convicting defendant, following a jury trial, of attempted assault in the first degree, assault in the second degree, and criminal possession of weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously modified, on the law, to the extent of vacating defendant's sentence and remanding for resentencing, and otherwise affirmed.
The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Williams, 12 NY3d 726 [2009]; People v Harris, 93 AD3d 612, 613 [1st Dept 2021], lv denied 19 NY3d 1102 [2012]). The court's ruling authorizing the prosecutor to elicit, if defendant testified, that he was convicted of burglary in the third degree and attempted strangulation in the second degree, without inquiring into the underlying facts, and to ask him about one of his six misdemeanor convictions without touching on the nature of the offense, was a fair Sandoval determination. Contrary to defendant's argument, attempted strangulation is an offense that bears on credibility in that it reveals "a willingness or disposition on the part of . . . defendant voluntarily to place the advancement of his individual self-interest ahead of principle or the interests of society" (People v Sandoval, 34 NY2d 371, 377 [1974]). In any event, any error would be harmless in light of the overwhelming evidence of defendant's guilt.
The court providently exercised its discretion in denying defendant's request for a missing witness charge. Defendant engaged in a brutal and sustained beating of his girlfriend, kicking her in the face and head more than 10 times as she lay helpless in the street. The complainant typifies a recalcitrant domestic violence victim who refuses to cooperate in a prosecution of her abuser out of loyalty, fear, or financial or emotional dependence and so is not in the control of the People (see People v Hernandez, 256 AD2d 18, 19 [1st Dept 1998], lv denied 93 NY2d 874 [1999]).
The evidence that defendant's sneaker, in the manner in which it was used, was a dangerous instrument was legally sufficient, and the verdict was not against the weight of the evidence in this regard (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People Lev, 33 AD3d 362, 362 [1st Dept 2006]; see also People v Baque, 43 NY3d 26, 29-30 [2024]).
The court inadvertently neglected to arraign defendant on the predicate felony statement. The People agree that his sentence must therefore be vacated and the matter remanded for resentencing. This renders defendant's argument that the sentence imposed is excessive academic (see CPL 400.21).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026