OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant’s contention that the verdict is repugnant was not preserved at trial and therefore may not be considered on appeal.
As a general rule alleged errors must be raised at a time when they can be corrected at trial. Thus in jury cases any claim that the verdict is repugnant must be made before the jury is discharged (People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048). This permits the court to resubmit the matter to the jury to obtain a consistent verdict, even if that may require changing an "acquittal”, on one or more counts, to a conviction (People v Salemmo, 38 NY2d 357; see also, People v Robinson, 45 NY2d 448).
In nonjury cases as here such an issue may be raised at a later stage by moving to set aside or modify the verdict pursuant to CPL 330.30 since the court, as trier of the facts as well as the law, is still available to correct repugnancies in the verdict if there be any. The statute specifically provides that the court may set aside or modify the verdict on any ground which would require reversal or modification as a matter of law by an appellate court (CPL 330.30 [1]). A claim that a verdict is repugnant, once properly preserved at trial, presents such an issue of law (People v Tucker, 55 NY2d 1). This distinguishes People v Carter (63 NY2d 530), on which the dissenters at the Appellate Division relied, because in that case there was no error of law or other statutory basis for the court to reconsider or set aside its verdict.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
*988 . On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.