■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIE MARINESCU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 30, 1989, convicting him of rape in the third degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Although the defendant argues that the testimony of the complaining witness was not credible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by

the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination that she was a credible witness should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant also asserts that the trial court erred in submitting a verdict sheet to the jury. However, he has failed to specify why this was error *(see,* CPL 310.20) and, in any event, he consented to the submission of the verdict sheet. Thus, this contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *cf., People v Nimmons,* 72 NY2d 830).

The defendant has also failed to demonstrate that he was deprived of his right to the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contention has not been preserved for appellate review *(see, People v Alfaro,* 66 NY2d 985) and we decline to address it in the exercise of our interest of justice jurisdiction. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.