■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO BURGOS, Appellant.—Judgment of the Supreme Court, Bronx County (Vincent Vitale, J.), rendered May 9, 1990, convicting defendant, after jury trial, of four counts of attempted robbery in the first degree, for which he was sentenced to concurrent indeterminate terms of imprisonment of from 5 to 15 years, to run consecutively to a sentence imposed under New York County Indictment No. 8769/86, unanimously affirmed.

Defendant and his mother voluntarily accompanied a police detective to the precinct to provide information concerning an ongoing investigation not involving defendant. An officer at the precinct recognized defendant as being a suspect in an unrelated robbery. After waiving his *Miranda* rights, defendant provided a statement with respect to that robbery and was formally arrested. He later made an inculpatory statement implicating himself in a Bronx homicide and attempted robbery which is the subject of the instant indictment. Upon his motion to suppress these statements, the court concluded that the interviewing detectives had no knowledge of pending charges against defendant for which he was represented by counsel. Moreover, even if the officers possessed such knowledge, the right to counsel is personal and may be waived and, therefore, questioning of defendant could continue in counsel's absence *(People v Bing,* 76 NY2d 331, 350).

Defendant claims that the jury's verdict was repugnant because he was acquitted of felony murder but nevertheless convicted of attempted first degree robbery. By failing to raise a claim of repugnancy prior to discharge of the jury, defendant has failed to preserve this claim as a matter of law *(People v Alfaro,* 66 NY2d 985, 987). In any event, appellate review is limited to a consideration of the court's instructions to the jurors and whether, irrespective of the accuracy of those instructions, they may be reconciled with the verdict *(People v Tucker,* 55 NY2d 1, 7-9). Specifically, the jurors were

told that one element necessary to defendant's conviction for felony murder is that, in the course or furtherance of the underlying felony, "he causes the death of a person, other than one of the participants." Thus, the jury could logically have found that, while defendant was a participant in the robbery attempt, *he* did not cause the death of any victim.

Nor has defendant preserved, by timely objection, any claim that the prosecutor's credibility was a material issue at trial. Defendant, through his own witness, improperly sought to place the trial prosecutor's credibility in issue. Defendant failed to move prior to trial for recusal, which would have been the appropriate means to attempt to demonstrate that a prosecutor's prior investigative or prosecutorial conduct would be a material issue at trial.

Defendant's claim that the Fifth Amendment prohibition against double jeopardy has been violated is likewise without foundation. As a matter of definition, the Constitution precludes only "the prosecution of a defendant who has himself previously been acquitted of another crime based on the same transaction, where the prior acquittal necessarily involved a rejection by the jury of some factual element necessary to the new prosecution" *(People v Berkowitz,* 50 NY2d 333, 343-344). Double jeopardy cannot therefore be implicated within the context of a single prosecution.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.