■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FIELDS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP KELLER, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered October 19, 1989, convicting each defendant, after jury trial, of attempted robbery in the second degree, and assault in the second degree, and which sentenced each of the defendants as predicate felons to concurrent terms of 3½ to 7 years imprisonment, unanimously affirmed.

The defendants, seeking money from their victim outside of a bodega, repeatedly punched him and ripped open his pocket.

As the victim and his companion, who had come to his aid, tried to walk away, they again were accosted by the defendants who demanded money. This was followed by one of the defendants proceeding to beat the victim in the head with a plywood club, until the club broke, at which time a screw became imbedded in the man's head. Responding police officers took the victims, in separate cars, to canvass the neighborhood. The second victim observed the defendants, walking together a couple of blocks away, identified them, and they were immediately arrested. In the precinct, one of the police officers overheard one defendant state his surprise at the charges, which arose out of what he described as only "a little fight." The second victim identified both defendants as residents of the men's shelter in which he occasionally resided.

Viewing the evidence in the light most favorable to the People and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490, 495; *People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985), the guilt of both defendants was proven beyond a reasonable doubt by legally sufficient evidence. The failure of either defendant to timely challenge the jury's verdict on the basis of inconsistency waives any such claim for review (CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985, 987). In any event, we do not find the jury's acquittal of the defendants on charges of attempted robbery in the first degree, but conviction on charges of assault in the second degree, improper, as the elements of the respective crimes are not mutually inconsistent *(People v Tucker,* 55 NY2d 1; *People v Johnson,* 70 NY2d 819). Concur— Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.