■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FLAGG, Also Known as KID, Appellant. [654 NYS2d 898] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant Ronald Flagg appeals from a judgment convicting him of burglary and robbery in the first degree. Defendant Christopher Staley appeals from a judgment convicting him of depraved indifference murder and two counts of felony murder, as well as one count each of burglary and robbery in the first degree. Defendants, who were jointly tried, each contend that the jury verdict is not supported by legally sufficient evidence. Contrary to the contention of defendant Flagg, County Court instructed the jury concerning accessorial liability. Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support each defendant's conviction. Further, upon our review of the record, we conclude that the verdict with respect to each defendant is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

The court properly refused to set aside the convictions and grant a new trial upon the ground of juror misconduct. We perceive no reason to disturb the court's resolution of credibility issues raised during the posttrial CPL 330.40 hearing or the court's conclusion that the juror did not engage in misconduct.

There is no merit to the contention of defendant Staley that the robbery and burglary counts of the indictment should have been dismissed because they failed to specify the "particular implement" with which defendant was armed (CPL 200.50 [7] [b]). That specification is required only when the indictment charges defendant with an armed felony. Nor was defendant

Staley prejudiced by the admission of an autopsy photograph of the homicide victim; the record establishes that the jury never reviewed that exhibit.

Likewise without merit are the contentions of defendant Flagg that the court erred in concluding that an independent basis existed for the in-court identification of defendant Flagg and that the court abused its discretion in permitting limited cross-examination of him regarding prior crimes.

Defendant Staley failed to preserve for our review his contentions that the court's charge on circumstantial evidence was improper (*see*, CPL 470.05 [2]; *People v Ford*, 66 NY2d 428, 441) and that the verdict is repugnant (*see, People v Alfaro*, 66 NY2d 985, 987). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The People concede, however, that defendants were improperly sentenced on the burglary and robbery counts to indeterminate terms of imprisonment of 12$^{1}/_{2}$ to 25 years. Because neither defendant was convicted of an armed felony offense (*see,* Penal Law § 70.02 [former (4)]) nor arraigned as a second felony offender (*see*, Penal Law § 70.06 [4]; § 70.04 [former (4)]), the court erred in imposing a minimum term of imprisonment that is one half of the maximum term (*see*, Penal Law § 70.02 [former (4)]). Thus, we modify the judgment to impose a lawful sentence on each defendant's conviction of burglary and robbery in the first degree by reducing the minimum term of imprisonment from 12$^{1}/_{2}$ years to 8$^{1}/_{3}$ years. (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.