■ The People of the State of New York, Respondent, v Demond L. Perry, Appellant. [811 NYS2d 223]—

Kane, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered September 9, 2004, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree and attempted petit larceny.

After the close of proof and summations in defendant's trial, County Court issued its charge to the jury. The court charged attempted robbery in the first and second degrees under counts one and two, alleging robbery while displaying what appears to be a weapon (*see* Penal Law §§ 110.00, 160.10 [2] [b]; § 160.15 [4]), and the lesser included offense of attempted robbery in the third degree. Under count three, the court charged attempted robbery in the second degree, alleging physical injury during a robbery (*see* Penal Law §§ 110.00, 160.10 [2] [a]), and repeated the same lesser included offense. The court separately charged attempted petit larceny (*see* Penal Law §§ 110.00, 155.25) and another crime. The jury announced its verdict that defendant was not guilty under counts one and two, guilty of attempted

robbery in the second degree under count three, guilty of attempted petit larceny under count four and not guilty under count five. Defendant appeals.

Defendant contends that the jury's verdict on counts one and two acquitting him of attempted robbery in the third degree was inconsistent with its verdict finding him guilty of attempted robbery in the second degree under count three. In order to preserve claims that a jury verdict is inconsistent or repugnant, such claims must be made before the jury is discharged, at a time when the court can resubmit the matter to the jury to obtain a consistent verdict (*see People v Alfaro,* 66 NY2d 985, 987 [1985]; *People v Clark,* 293 AD2d 624, 625 [2002], *lv denied* 98 NY2d 674 [2002]; *see also* CPL 310.50 [2]). Based on defendant's failure to timely raise this issue, he failed to preserve for our review the inconsistency in the jury's verdict.

Defendant also contends that his counsel was ineffective by failing to object to the inconsistent verdict and for other reasons. Counsel's objection would have required County Court to direct the jury to reconsider its verdict and render a proper verdict (*see* CPL 310.50 [2]), which could have resulted in defendant's acquittal of attempted robbery in the second degree, but also could have resulted in a verdict finding him guilty of attempted robbery in the first degree (*see People v Alfaro, supra* at 987 [stating that on resubmission, the jury may change a vote for acquittal to a vote for conviction]). As the guilty verdict rendered by the jury was not against the weight of the evidence and an objection could have exposed defendant to a conviction of a greater offense, we cannot say that counsel's failure to object deprived defendant of a fair trial (*see People v St. Paul [Benoit] [Nitty],* 3 AD3d 604, 606 [2004], *lvs denied* 2 NY3d 761, 764, 765 [2004], 5 NY3d 766 [2005]). Along with the other reasons that defendant raises to allege ineffectiveness, the attack on counsel's choice not to object essentially boils down to second-guessing or disagreeing with trial strategy, which will not suffice to prove that defendant received less than meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Flores,* 84 NY2d 184, 187 [1994]; *People v Damphier,* 13 AD3d 663, 664 [2004]).

Defendant's remaining contentions lack merit.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.