# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1175**
**KA 11-00904**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RONALD L. BARTLETT, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 2, 2010. The judgment convicted defendant, upon a jury verdict, of forcible touching and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of forcible touching (Penal Law § 130.52) and endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of forcible touching (*see generally People v Bleakley*, 69 NY2d 490, 495). Pursuant to Penal Law § 130.52, a person is guilty of forcible touching when he or she "intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of," inter alia, gratifying the sexual desire of the actor. The victim testified that defendant, her teacher, pressed up against her backside and rubbed her thigh approximately one inch from her vaginal area. Although County Court initially charged the jury that forcible touching "*means* squeezing, grabbing or pinching" (emphasis added), rather than charging the statutory language that forcible touching "*includes* squeezing, grabbing or pinching" (§ 130.52 [emphasis added]), the court charged the correct definition of forcible touching in response to a note from the jury during deliberations. We therefore conclude that the People were not "bound to satisfy the heavier burden in this case," i.e., that forcible touching means squeezing, grabbing or pinching (*People v Malagon*, 50 NY2d 954, 956), inasmuch as " 'the jury, hearing the whole charge, would gather from its language the correct rules that should be applied in arriving at [a] decision' " (*People v Ladd*, 89 NY2d 893, 895, quoting *People v Russell*, 266 NY 147, 153). Viewing the evidence

in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the verdict is repugnant because he was acquitted of the count charging sexual abuse in the third degree (Penal Law § 130.55) and convicted of forcible touching and endangering the welfare of the child. By failing to object to the verdict as repugnant before the jury was discharged, defendant failed to preserve his contention for our review (*see People v Alfaro*, 66 NY2d 985, 987; *People v Roman*, 85 AD3d 1630, 1630-1631, *lv denied* 17 NY3d 821), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.05 [6] [a]). We reject defendant's contention that the failure of defense counsel to object to the verdict as repugnant constitutes ineffective assistance of counsel. Defendant has failed to establish the lack of a strategic decision on the part of defense counsel inasmuch as a resubmission of the matter to the jury could have resulted in a guilty verdict on the sexual abuse count (*see People v Perry*, 27 AD3d 952, 953, *lv denied* 8 NY3d 883; *see generally Alfaro*, 66 NY2d at 987).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court