■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. STROUD, Appellant. [936 NYS2d 381]—

Mercure, A.P.J.

We affirm. Defendant initially argues that the evidence was insufficient to support his conviction upon the menacing count based upon his display of the knife to Bonnie Rivenburg. He failed to make a factually specific motion to dismiss that count of the indictment at trial and, thus, his challenge to the legal sufficiency of the evidence presented is unpreserved (*see People v Danford*, 88 AD3d 1064, 1065 [2011]). Moreover, reversal in the interest of justice is not required inasmuch as, contrary to defendant's contention, the People were not required to show that he actually instilled a reasonable fear of physical injury in Bonnie Rivenburg; rather, an intentional attempt to do so would suffice (*see* Penal Law §§ 120.13, 120.14 [1]). In that regard, she testified that defendant "came at" her with a "crazed" expression and made cutting gestures with the knife, and the jury could readily determine that defendant intentionally attempted to place her in reasonable fear of physical injury by doing so (*see People v Bryant*, 13 AD3d 1170, 1171 [2004], *lv denied* 4 NY3d 884 [2005]; *People v Baum*, 143 AD2d 1024, 1024 [1988], *lv denied* 73 NY2d 919 [1989]).

Defendant next contends that counsel was ineffective in failing to timely argue that the jury's verdict convicting him of criminal possession of a weapon in the third degree while acquitting him of attempted assault in the first degree was repugnant. A defendant will not be permitted to second-guess a legitimate trial strategy, however, and counsel's failure to raise the issue prior to the jury's discharge may well have been motivated by

concern that resubmitting the matter to the jury would result in guilty verdicts being returned on both counts (*see People v Bartlett*, 89 AD3d 1453, 1454 [2011]; *People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007]). In any event, "no inconsistency [exists] between acquittal on assault charges and conviction for weapons possession," given the differing results that must be intended to commit those crimes (*People v Rust*, 233 AD2d 778, 780 [1996], *lv denied* 89 NY2d 988 [1997]; *see People v Hart*, 266 AD2d 584, 585 [1999], *lv denied* 94 NY2d 903 [2000]; *see also People v Baker*, 14 NY3d 266, 270-272 [2010]; *People v Carter*, 7 NY3d 875, 876-877 [2006]).

As a final matter, defendant's menacing convictions arose from acts separate and distinct from those underlying his weapons possession conviction, and County Court was thus free to impose consecutive sentences thereon (*see People v McKnight*, 16 NY3d 43, 48 [2010]; *People v Rouse*, 4 AD3d 553, 557 [2004], *lv denied* 2 NY3d 805 [2004]).

Peters, Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.