McCarthy, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 13, 2012, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree.
While incarcerated at Elmira Correctional Facility in *1096 Chemung County, defendant and another inmate (hereinafter the victim) were observed in fighting stances in the facility gym. The victim had a cut from his mouth to his ear. After separating the two inmates, a correction officer conducted a pat frisk of defendant. During the frisk, another correction officer saw something fall from defendant’s hand and retrieved the item, which turned out to be a scalpel blade with electrical tape wrapped around the end. Defendant was charged with and found guilty of promoting prison contraband in the first degree and attempted assault in the second degree. County Court sentenced him, as a second felony offender, to an aggregate prison term of 3 to 6 years. Defendant appeals.
Defendant’s conviction was not against the weight of the evidence. Where a different verdict would not have been unreasonable, “this Court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony while viewing the evidence in a neutral light and giving deference to the jury’s credibility assessments” (People v Johnson, 91 AD3d 1194, 1196 [2012], lv denied 18 NY3d 995 [2012] [internal quotation marks and citation omitted]; see People v Bleakley, 69 NY2d 490, 495 [1987]). As to the promoting prison contraband charge, defendant does not dispute that he was confined in a facility or that the scalpel blade constitutes dangerous contraband; he only challenges the proof that he actually possessed the blade (see Penal Law § 205.25 [2]). As to the attempted assault charge, the People were required to prove that, “[w]ith intent to cause physical injury to another person,” defendant engaged in conduct that would tend to bring about “such injury to such person ... by means of a deadly weapon or a dangerous instrument” (Penal Law § 120.05 [2]; see Penal Law § 110.00). It is undisputed that the victim’s face was cut, so the only elements at issue are whether defendant was the perpetrator and whether he intended to cause physical injury.
One correction officer testified that he observed defendant and the victim square off and throw punches at each other. After breaking them up, he put defendant against the wall and began a pat frisk. He did not see defendant drop anything, but did see a second correction officer place his foot on something, drag it back and secure it. The second officer testified that he came into the gym after the fight was over and while defendant was being frisked. That officer testified that he saw defendant drop something from his hand. To secure that item, the officer placed his foot on it and dragged it backwards a short distance so he could pick it up safely away from defendant. When he *1097 picked the item up, he discovered that it was a scalpel blade with black electrical tape wrapped to create a makeshift handle. This weapon was received into evidence. A third correction officer testified that he did not see the fight or see defendant drop anything, but he saw the second officer pick something up off the floor. That officer further testified that all of the other inmates in the gym were pat frisked after the fight, but no other weapons were recovered.
The victim testified that he was cut from behind but did not see who cut him. When he turned around, he saw four inmates, two closer to him than the others. Defendant was one of the closer inmates. When defendant started walking away, the other close inmate indicated to the victim that defendant was the perpetrator, so the victim punched defendant.
A facility nurse testified that the victim’s injury was consistent with a cut from a razor or sharp blade. The victim’s testimony and medical records reveal that he received 24 stitches to repair the wound. Finally, defendant testified that he was in the gym and squared off with the victim, but he did not know the victim, did not cut him, did not possess or drop a blade and did not even throw a punch at the victim, although the victim punched him. The jury was free to disbelieve portions of defendant’s testimony, accept the direct evidence proving that defendant possessed the blade and reasonably infer that defendant was the only person who could have cut the victim with that blade and that he did so with the intention to inflict physical injury. Considering the evidence in a neutral light and deferring to the jury’s credibility determinations, the verdict was not against the weight of the evidence (see People v Carter, 90 AD3d 1159, 1160 [2011]; People v Watkins, 49 AD3d 908, 908-909 [2008], lv denied 10 NY3d 965 [2008]; People v Camerena, 42 AD3d 814, 815 [2007], lv denied 9 NY3d 921 [2007]).
Defendant did not object during trial to the prosecutor’s leading questions of which he now complains, rendering his argument unpreserved for our review (see People v Jordan, 99 AD3d 1109, 1110 [2012]). Similarly, defendant’s argument concerning County Court’s circumstantial evidence charge is unpreserved, as he did not request a different charge or object to the charge that was given (see People v Cushner, 46 AD3d 1121, 1124 [2007], lv denied 10 NY3d 809 [2008]; People v Edwards, 39 AD3d 1078, 1081 [2007]).
Defendant received the effective assistance of counsel. Defendant inaccurately asserts that counsel rarely objected during trial. In fact, counsel objected to numerous questions. Many of *1098 the objections were sustained, including several resulting in the prosecutor’s inability to have witnesses identify defendant at trial. We will not second guess counsel’s decision to refrain from objecting to a few leading questions. As County Court’s circumstantial evidence charge on the attempted assault count— taken directly from the Pattern Jury Instructions—was appropriate (see People v Beckingham, 57 AD3d 1098, 1100 [2008], lv denied 13 NY3d 742 [2009]; CJI2d[NY] Evidence-Circumstantial Evidence; compare People v Sanchez, 61 NY2d 1022, 1024 [1984]), counsel cannot be deemed ineffective for failing to object to the charge (see People v Fisher, 89 AD3d 1135, 1139 [2011], lv denied 18 NY3d 883 [2012]). Counsel made proper motions, gave coherent opening and closing statements, pursued a reasonable strategy, asserted a number of objections and effectively cross-examined the People’s witnesses. Based on the record as a whole, counsel provided defendant with meaningful representation (see id.).
Mercure, J.E, Rose and Garry, JJ., concur.
Ordered that the judgment is affirmed.