## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: October 30, 2014            105868
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

JOSEPH A. ROJAS,
                        Appellant.
_____


Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                    _____


        Battisti & Garzo, PC, Binghamton (F. Paul Battisti of
counsel), for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Rita
Basile of counsel), for respondent.

                    _____


McCarthy, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered December 1, 2011, upon a verdict
convicting defendant of the crime of assault in the first degree.

        In the early morning hours of August 29, 2009, the victim,
then a college senior, frequented some downtown bars in the City
of Binghamton, Broome County with his friends.  At approximately
3:15 a.m., after the bars had closed, the victim had a heated
conversation with a young woman and one of her friends on the
street and allegedly attempted to strike the woman.  Defendant,
who is the woman's brother, came from behind the victim and
punched him in the head, causing the victim to fall to the
pavement.  While the victim was lying on the pavement apparently

unconscious, defendant raised his leg and stomped his foot on the victim's head, then blended into the crowd. Police officers who were at the scene immediately arrested defendant. In the meantime, the victim was taken to the hospital, where he remained for approximately two weeks, and was treated for an eye laceration, a fractured skull and a significant brain hemorrhage. As a result of this incident, defendant was charged in an indictment with attempted murder in the second degree and assault in the first degree. After a jury trial, defendant was convicted of assault in the first degree and sentenced to 10 years in prison, followed by five years of postrelease supervision. Defendant appeals.

Initially, defendant's legal insufficiency claim is not preserved for review given his failure to specify this as a basis for his motion to dismiss made at the close of the People's proof (see People v Finch, 23 NY3d 408, 414 [2014]; People v Gray, 86 NY2d 10, 18 [1995]; see also People v Balram, 47 AD3d 1014, 1015 [2008], lv denied 10 NY3d 859 [2008]). Nevertheless, we must evaluate the evidence presented with respect to the elements of the crime in connection with our review of the weight of the evidence, for which no preservation rule applies (see People v Rankin, 117 AD3d 1231, 1232 [2014]; People v Johnson, 107 AD3d 1161, 1163 n 2 [2013], lv denied 21 NY3d 1075 [2013]; People v Rowe, 105 AD3d 1088, 1090 n 2 [2013], lv denied 21 NY3d 1019 [2013]). In undertaking a weight of the evidence review, we first must ascertain if a contrary result would not have been unreasonable and, if so, we must then "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Davis, 105 AD3d 1095, 1096 [2013], lv denied 21 NY3d 1003 [2013]), all while according "'[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor'" (People v Kancharla, 23 NY3d 294, 303 [2014], quoting People v Bleakley, 69 NY2d at 495; see People v Davis, 105 AD3d at 1096). After engaging in this analysis, "[i]f it appears that the trier of fact has failed to give the evidence the weight it should be accorded," we may then set the verdict aside (People v Bleakley, 69 NY2d at 495).

     Turning to the crime at issue, "[a] person is guilty of
assault in the first degree when[, w]ith intent to cause serious
physical injury to another person, he [or she] causes such injury
to such person or to a third person by means of a deadly weapon
or a dangerous instrument" (Penal Law § 120.10 [1]; see People v
Rice, 90 AD3d 1237, 1237 [2011], lv denied 18 NY3d 961 [2012]).
Penal Law § 10.00 (10) defines serious physical injury as a
"physical injury which creates a substantial risk of death, or
which causes death or serious and protracted disfigurement,
protracted impairment of health or protracted loss or impairment
of the function of any bodily organ."  The indictment here
alleged that defendant intended to cause and did, in fact, cause
serious physical injury to the victim by using his shoes as a
dangerous instrument.

     At trial, there was testimony from a number of
eyewitnesses, including defendant's friend, an owner of a nearby
bar and many police officers at the scene, who observed defendant
approach the victim from behind and strike him in the head,
causing him to fall flat on the pavement.  A number of these
witnesses further testified, in no uncertain terms, that they saw
defendant raise his leg and stomp his foot on the victim's head
while he laid there unconscious.  Although the witnesses called
by the defense disputed that defendant stomped his foot on the
victim's head and defendant denied the same, maintaining that he
stumbled and tripped over the victim, the conflicting testimony
presented a credibility issue to be resolved by the jury (see
People v Ramirez, 118 AD3d 1108, 1111 [2014]).

     Contrary to defendant's claim, there is no proof that the
victim's injuries were in any way attributable to a physical
altercation that he had with another male just prior to the
incident in question.  Neither the friend who was with the victim
at the time nor the police lieutenant who witnessed it indicated
that the victim was struck during that altercation.
Consequently, defendant's assertion that the prior incident was a
cause of the victim's injuries is pure speculation.  Notably, the
neurologist who treated the victim testified that the victim's
injuries were consistent with having been punched in the head,
hitting the pavement, and then being stomped or kicked in the
head.  Accordingly, the proof establishes that defendant's

actions were a sufficiently direct cause of the victim's injuries (see People v Griffin, 300 AD2d 743, 744 [2002], lv denied 99 NY2d 614 [2003]; see also People v Stewart, 40 NY2d 692, 697 [1976]; compare People v Darrow, 260 AD2d 928, 929-930 [1999]).

Defendant's contention that there was a lack of proof that the victim sustained a serious physical injury is belied by the record. The treating neurologist testified that the victim suffered a skull fracture and had a deep-seated, significant brain hemorrhage causing an increase in intercranial pressure that had to be relieved through the administration of medication over the course of an approximate two-week period of hospitalization. He stated that an increase in intercranial pressure could result in severe and permanent dysfunction of the brain stem, impeding the ability to regain consciousness, and could be fatal. He noted that, in the victim's case, the treatment was successful and he was released from the hospital on anticonvulsant medications to undergo rehabilitation. The victim testified concerning the details of his lengthy recovery period and pointed to the problems that he still experiences as a result of the ordeal, including poor short-term memory, increased anxiety and decreased physical stamina. The evidence presented adequately established that the victim sustained a serious physical injury as a result of defendant's actions (see Penal Law §§ 120.10 [1]; 10.00 [10]; People v Casey, 61 AD3d 1011, 1012-1013 [2009], lv denied 12 NY3d 913 [2009]; People v Brabant, 61 AD3d 1014, 1016 [2009], lv denied 12 NY3d 851 [2009]; People v Kearney, 24 AD3d 1105, 1106 [2005], lv denied 6 NY3d 814 [2006]; compare People v Madera, 103 AD3d 1197, 1198 [2013], lv denied 21 NY3d 1006 [2013]; People v Tucker, 91 AD3d 1030, 1031-1032 [2012], lv denied 19 NY3d 1002 [2012]). In sum, although a contrary verdict would not have been unreasonable, we conclude, viewing the evidence in a neutral light and giving deference to the jury's credibility determinations, that the jury's verdict finding defendant guilty of assault in the first degree is not contrary to the weight of the evidence (see People v Peterson, 118 AD3d 1151, 1154-1155 [2014]).

We have considered defendant's further claims that his counsel was ineffective and that his sentence is harsh and excessive, and find them to be unpersuasive.

Lahtinen, J.P., Stein, Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




                    ENTER:

                    *Robert D Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court