People v Millien (2015 NY Slip Op 02986)





People v Millien


2015 NY Slip Op 02986


Decided on April 8, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 8, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2013-01359
 (Ind. No. 11-00324)

[*1]The People of the State of New York, respondent,
v
Sherril Millien, appellant.


James D. Licata, New City, N.Y. (Lois Cappelletti of counsel), for appellant.
Thomas P. Zugibe, District Attorney, New City, N.Y. (Itamar J. Yeger of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered June 25, 2012, convicting her of grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence regarding her larcenous intent is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish her guilt of grand larceny in the fourth degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
To the extent the defendant contends that the verdict was repugnant, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Alfaro, 108 AD2d 517, 520, affd 66 NY2d 985; see also People v Wilson, 187 AD2d 689, 690) and, in any event, without merit (see People v Alfaro, 108 AD2d at 518-520; compare Penal Law § 170.25 with Penal Law § 155.30[1]).
MASTRO, J.P., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court