■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BHARATH, Appellant. [19 NYS3d 892]—

Judgment, Supreme Court, Bronx County (Robert Sackett, J.), rendered March 21, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's argument that the verdicts acquitting him of assault and attempted assault but convicting him of third-degree weapon possession were repugnant is unpreserved (*see People v Alfaro*, 66 NY2d 985 [1985]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Where, as here, "there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d 532, 540 [2011]). Even if the split verdict lacks an evidentiary basis, "factual repugnancy—which can be attributed to mistake, confusion, compromise or mercy—does not provide a reviewing court with the power to overturn a verdict" (*id.* at 545). There is no merit to defendant's suggestion that we disregard Court of Appeals precedent and apply the evidentiary test advocated by the dissenters in *Muhammad*. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.