The People of the State of New York, Respondent,
against
Leonardo Regalado, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael J. Yavinsky, J.), rendered May 14, 2014. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree and attempted endangering the welfare of a child. The appeal from the judgment of conviction brings up for review an order of the same court (Raymond Rodriguez, J.) dated March 4, 2014, denying defendant's motion to dismiss, on statutory speedy trial grounds, so much of the second superseding information as related to the second time and place of occurrence set forth therein.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, on November 4, 2013, a second superseding information was filed charging defendant, with respect to the second time and place of occurrence set forth therein, with assault in the third degree (Penal Law § 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 260.10 [1]), menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]).[FN1]
Defendant subsequently moved to "dismiss all of the counts for the second time and place of occurrence" on statutory speedy trial grounds. On March 4, 2014, the Criminal Court denied the motion, finding that only 87 days of delay were chargeable to the People. Following a nonjury trial, defendant was convicted of harassment in the second degree and attempted endangering the welfare of a child.

On appeal, defendant contends that his speedy trial motion should have been granted; that the verdict was against the weight of the evidence; and that so much of the verdict finding that he was guilty of attempted endangering the welfare of a child was repugnant to the verdict of not guilty with respect to certain of the counts of the accusatory instrument. 

The People were required to announce their readiness for trial within 90 days of the commencement of the criminal action, which occurred when defendant was arraigned on the original accusatory instrument on September 3, 2012 (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). The People concede that they should be charged with the 23-day time [*2]period from September 3, 2012 to September 26, 2012. We further find that the People are also chargeable with the 12-day time period from May 2, 2013 to May 14, 2013. Although the People requested a one-day adjournment on May 2nd, they subsequently filed a statement of readiness on May 14th which demonstrated that they were, in fact, not ready for trial on May 3, 2013. The six days from July 10, 2013 to July 16, 2013 are also chargeable to the People, as the People requested this adjournment. Finally, we find that the 45-day time period from November 4, 2013 (when the People filed, but did not serve, the second superseding information) to December 19, 2013 (when the People served the second superseding information on defendant, and defense counsel stated that he was going to file a speedy trial motion) are chargeable to the People. Inasmuch as the foregoing time periods total less than 90 days, the Criminal Court properly denied defendant's motion to dismiss, on statutory speedy trial grounds, so much of the second superseding information as related to the second time and place of occurrence set forth therein. 

We find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was sufficient to prove, beyond a reasonable doubt, defendant's guilt of harassment in the second degree and attempted endangering the welfare of a child. Also, upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of harassment in the second degree and attempted endangering the welfare of a child was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). Moreover, defendant's repugnancy contention is unpreserved for appellate review since he did not raise this objection in the Criminal Court (see CPL 470.05 [2]; People v Alfaro, 66 NY2d 985 [1985]; People v Millien, 127 AD3d 883 [2015]) and, in any event, is without merit (see People v Millien, 127 AD3d 883).

Accordingly, the judgment of conviction is affirmed.

Solomon, J.P., Aliotta and Elliot, JJ., concur.

Decision Date: July 26, 2016



Footnotes

Footnote 1: The assault and endangering the welfare of a child charges were reduced to attempts prior to trial.