People v Sands (2018 NY Slip Op 00362)





People v Sands


2018 NY Slip Op 00362


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHAUN SANDS, Appellant.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Mark Diamond, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 25, 2015, upon a verdict convicting defendant of the crime of assault in the second degree.
Defendant, an inmate at Washington Correctional Facility, was charged in a multicount indictment stemming from an altercation with a correction officer (hereinafter the victim). Following a jury trial, defendant was convicted of assault in the second degree. County Court thereafter sentenced defendant, as a second felony offender, to six years in prison followed by five years of postrelease supervision. Defendant appeals. We affirm.
Defendant argues that the verdict was not supported by legally sufficient evidence and that it was against the weight of the evidence. As relevant here, assault in the second degree requires that the People prove that defendant, with the intent to prevent a peace officer from performing a lawful duty, caused physical injury to such peace officer (see Penal Law § 120.05 [3]). At trial, the victim testified that doors to inmate dormitories are kept locked and, if an inmate wishes to enter a dormitory, the inmate presses a buzzer. On the day in question, defendant initially pressed the buzzer once and then, for a second time, held the buzzer down for an extended period. The victim responded and told defendant to release the buzzer. The victim stated that, as he counseled defendant on how to properly use the buzzer to gain entry into the dormitory, defendant "launched towards [him], . . . grabbed [his] chest, uniform . . . and shoved [him] against the door." The victim gave defendant an order to stop resisting, but defendant "rammed [him] again." While the victim was able to pin defendant on the ground, defendant [*2]grabbed the victim's throat. The victim activated his personal alarm system to call out for assistance. Other correction officers arrived and helped subdue defendant. The victim testified that, after the incident ended, he "was in so much pain" and received medical treatment at a hospital. The victim subsequently underwent shoulder surgery and was seeing a chiropractor.
Viewing this evidence in a light favorable to the People, we conclude that the verdict was supported by legally sufficient evidence (see People v Smith, 89 AD3d 1148, 1148-1149 [2011], lv denied 19 NY3d 968 [2012]). While defendant contends that evidence was lacking to demonstrate that he intended to injure the victim, Penal Law § 120.05 (3) "makes clear that no intent to cause [physical] injury need be proven" (People v Harmon, 264 AD2d 941, 942 [1999]). Nor do we find merit in defendant's argument that there was insufficient evidence establishing that he caused a physical injury to the victim (see People v Iovino, 149 AD3d 1350, 1352 [2017], lv denied 30 NY3d 950 [2017]; People v Holloway, 261 AD2d 658, 660 [1999], lv denied 93 NY2d 972 [1999]). Furthermore, when viewing the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (see People v Davis, 105 AD3d 1095, 1096 [2013], lv denied 21 NY3d 1003 [2013]). To the extent that defendant calls into question the veracity of the victim's testimony, we accord deference to the jury's credibility determinations (see People v Novak, 148 AD3d 1352, 1356 [2017], lv denied 29 NY3d 1084 [2017]; People v Garcia, 141 AD3d 861, 863 [2016], lv denied 28 NY3d 929 [2016]).
We reject defendant's argument that he was entitled to a justification charge. "Although the record must be considered in the light most favorable to the accused, a court need not charge justification if no reasonable view of the evidence establishes the elements of the defense" (People v Reynoso, 73 NY2d 816, 818 [1988] [citations omitted]; see People v Johnson, 91 AD3d 1121, 1122 [2012], lv denied 18 NY3d 959 [2012]). Because no reasonable view of the evidence reflects that the victim was the initial aggressor, even when considered in a light favorable to defendant, County Court properly denied defendant's request for a justification charge (see People v Kerley, 154 AD3d 1074, 1075-1076 [2017]; People v Boyd, 97 AD3d 898, 900 [2012], lv denied 20 NY3d 1009 [2013]; People v Carter, 74 AD3d 1375, 1378 [2010], lvs denied 15 NY3d 772 [2010]).
Defendant contends that the verdict was repugnant because he was acquitted of a separate count of assault in the second degree (see Penal Law § 120.05 [7]). This contention, however, is unpreserved in light of defendant's failure to raise this alleged error prior to the discharge of the jury (see People v Rodwell, 122 AD3d 1065, 1068 [2014], lv denied 25 NY3d 1170 [2015]; People v Pearson, 69 AD3d 1226, 1227 [2010], lv denied 15 NY3d 755 [2010]). In any event, this claim is without merit (see generally People v Muhammad, 17 NY3d 532, 539-540 [2011]). To that end, we disagree with defendant's assertion that his counsel was ineffective based upon his counsel's failure to object to the verdict as repugnant (see People v Perry, 154 AD3d 1168, 1171-1172 [2017]; People v Stroud, 91 AD3d 1026, 1027-1028 [2012]; People v Bachert, 133 AD2d 482, 482-483 [1987], lv dismissed 70 NY2d 797 [1987]). Taking into account that defense counsel made pretrial motions, presented cogent opening and closing statements and attacked the credibility of the People's witnesses and the fact that defendant was acquitted of certain counts, we find that defendant was not deprived of meaningful representation (see People v Place, 152 AD3d 976, 980 [2017]; People v Roach, 119 AD3d 1070, 1072-1073 [2014], lv denied 24 NY3d 1221 [2015]; People v Davis, 105 AD3d at 1098).
Finally, defendant argues that he was improperly sentenced as a second felony offender because he was not informed of his right to contest the validity of the factual and legal basis of the prior felony. Defendant, however, failed to preserve this issue for our review by not raising an objection on this ground during sentencing (see People v Melton, 136 AD3d 1069, 1070 [*3][2016], lv denied 27 NY3d 1002 [2016]). Even if preserved, the record demonstrates that County Court substantially complied with CPL 400.21 (3) (see People v Hummel, 127 AD3d 1506, 1507 [2015], lv denied 25 NY3d 1202 [2015]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.