People v Roth (2019 NY Slip Op 05939)





People v Roth


2019 NY Slip Op 05939


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


712 KA 17-01079

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRENDA E. ROTH, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (John H. Crandall, A.J.), rendered March 31, 2017. The judgment convicted defendant, after a nonjury trial, of manslaughter in the second degree, tampering with physical evidence and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her following a nonjury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), tampering with physical evidence (§ 215.40 [2]), and endangering the welfare of a child (§ 260.10 [1]), arising from the death of the 15-year-old victim of a drug overdose in defendant's home during a sleep over with defendant's daughter and several other teenagers. In its initial verdict, County Court also found defendant guilty of a fourth charge, criminally negligent homicide ([CNH] Penal Law
§ 125.10). Following defendant's motion seeking, inter alia, to set aside the verdict with respect to manslaughter in the second degree and CNH as internally inconsistent, the court dismissed the CNH charge, pursuant to CPL 300.40, prior to sentencing. Defendant contends that, because the initial conviction on the manslaughter and CNH charges was internally inconsistent, the conviction for CNH functioned as an automatic acquittal of the manslaughter count or, in the alternative, that a new trial should be ordered. We reject that contention. CNH is a lesser included offense of manslaughter in the second degree (see e.g. People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v Butcher, 11 AD3d 956, 957-958 [4th Dept 2004], lv denied 3 NY3d 755 [2004]) and, as such, "should have been considered only in the alternative as an inclusory concurrent count" of manslaughter (People v Flecha, 43 AD3d 1385, 1386 [4th Dept 2007], lv denied 9 NY3d 990 [2007]; see CPL 300.30 [4]). The court, however, "as trier of the facts as well as the law, [was] available to correct repugnancies in the verdict" (People v Alfaro, 66 NY2d 985, 987 [1985]), as it did here, and there is therefore no basis for acquittal or a new trial (see generally People v Finkelstein, 144 AD2d 250, 250-251 [1st Dept 1988], lv denied 73 NY2d 921 [1989]).
Defendant further contends that the evidence is legally insufficient to support the conviction of manslaughter in the second degree and tampering with physical evidence. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the charge of manslaughter in the second degree, the People established that defendant directly provided a significant quantity of prescription medication to her daughter to share with the victim. When defendant's daughter alerted defendant that the victim was unresponsive, was having difficulty breathing, and was foaming at the mouth, defendant directed her daughter and the other teens present not to call 911 and not to answer calls to the victim's cell phone from the victim's mother. The People also presented evidence that local first responders were equipped with Narcan, which reverses the effects of opiate narcotics such as those supplied by defendant. [*2]The evidence was sufficient to establish that defendant's conduct, both in supplying the drugs and in preventing the victim from receiving life-saving medical help, "contribute[d] to the victim's death . . . by set[ting] in motion' the events that result[ed] in the [death]" (People v DaCosta, 6 NY3d 181, 184 [2006]), and that the death was a
" reasonably foreseeable' " result of those actions (People v Davis, 28 NY3d 294, 300 [2016]). Further, the evidence was sufficient to show that defendant consciously chose to ignore the risk of death (see generally People v Garbarino, 152 AD2d 254, 258 [3d Dept 1989], lv denied 75 NY2d 919 [1990]). With respect to the conviction of tampering with physical evidence, the evidence at trial showed that, after defendant knew the victim had died and before she permitted anyone to call the police, defendant directed the teens to remove trash containing the discarded packaging for drugs ingested by the victim. Contrary to defendant's contention, the fact that it was the teens and not the defendant who removed the trash is of no moment (see People v Kowal, 159 AD3d 1346, 1347 [4th Dept 2018]). Finally, viewing the evidence in light of the elements of these crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court