The People of the State of New York, Respondent, 
against
Brian Amico, Appellant. 

Green & Willstatter (Theodore S. Green and Richard D. Willstatter of counsel), for appellant.
Westchester County District Attorney (Brian R. Pouliot and Willaim C. Milaccio of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Town of Cortlandt, Westchester County (Daniel J. McCarthy, J.), rendered April 11, 2019. The judgment convicted defendant, after a nonjury trial, of assault in the third degree and harassment in the second degree, and imposed sentence.
ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with two counts of assault in the third degree (Penal Law § 120.00 [1], [2]) and harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial, the Justice Court found defendant guilty of all charges. However, after defense counsel moved, pursuant to CPL 330.30, to set aside the verdict on the ground that so much of the verdict as convicted defendant of both intentional and reckless assault in the third degree was inconsistent and repugnant, the court granted defendant's motion to the extent of vacating the guilty verdict of reckless assault in the third degree (Penal Law § 120.00 [2]).
On appeal, defendant contends that since so much of the verdict as convicted him of both intentional and reckless assault in the third degree was inconsistent and repugnant, a new trial is required; that the Justice Court committed Dawson (People v Dawson, 50 NY2d 311 [1980]) error by improperly admitting testimony regarding whether the defense witnesses had spoken to the Office of the District Attorney; that reversible error was committed when the prosecutor was allowed to ask a defense witness if he was accusing the People's witnesses of being liars; and that the verdict was against the weight of the evidence.
The Justice Court, "as trier of the facts as well as the law, [was] available to correct repugnancies in the verdict" (People v Alfaro, 66 NY2d 985, 987 [1985]). Thus, we find that, in this nonjury trial, the Justice Court properly made such a correction and there is no basis for ordering a new trial (see People v Roth, 174 AD3d 1530, 1531 [2019]; People v Finkelstein, 144 AD2d 250, 250-251 [1988]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of intentional assault in the third degree and harassment in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). Based upon all of the credible evidence, the verdict was reasonable (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633; People v Bleakley, 69 NY2d 490), as evidence was adduced that defendant, who had been arguing with multiple people in the parking lot of a bar and grill, had pushed the complainant with both of his hands, which had caused her to fall to the ground and break her wrist.
Defendant's contention that the Justice Court erroneously allowed testimony regarding whether the defense witnesses had informed the District Attorney's Office of their allegedly exculpatory stories (see People v Dawson, 50 NY2d at 321 n 4) is unpreserved for appellate review since, contrary to defendant's assertion on appeal, defense counsel did not make this specific objection at trial (see CPL 470.05 [2]; People v Miller, 89 NY2d 1077, 1079 [1997]; People v Thomas, 169 AD3d 1451,1451 [2019]; People v Marshall, 42 Misc 3d 141[A], 2014 NY Slip Op 50215[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014], affd 26 NY3d 495 [2015]), and we decline to review this contention in the interest of justice (see People v Marshall, 42 Misc 3d 141[A], 2014 NY Slip Op 50215[U]). In addition, defendant's contention that the prosecutor committed reversible error when he asked a defense witness whether he was accusing the People's witnesses of being liars is, likewise, unpreserved for appellate review, since defense counsel failed to object to this question at trial (see CPL 470.05 [2]; People v Head, 90 AD3d 1157, 1158 [2011]; People v Terry, 85 AD3d 1485, 1487 [2011]; People v Buel, 53 AD3d 930, 931-932 [2008]), and we decline to review this contention in the interest of justice.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 4, 2020